IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Muhammad, a/k/a James Wright, Sr., | C/A No.: 3:22-1622-MGL-SVH |
| Plaintiff, | |
| vs. | ORDER AND NOTICE |
| Judge Angela E. Little and Solicitor Katie Cleveland, | |
| Defendants. | |

James Muhammad, a/k/a James Wright, Sr. ("Plaintiff"), proceeding pro se, filed this civil action, alleging violations of his constitutional rights by Judge Angela E. Little ("Judge") and Solicitor Katie Cleveland ("Solicitor"). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual Background

Plaintiff claims he was falsely arrested on July 14, 1995, and was detained at Just Care on Farrow Road in Columbia, South Carolina. ECF No. 1 at 4]. He further alleges he is "repeatedly kidnap[ped] or falsely arrested and locked in jails, hospitals, and mental hospitals." Plaintiff states he has lost his property, wife, family and money. *Id.* at 5.

1

## II. Discussion

### A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless,

the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Judicial Immunity

Judge should be dismissed based on judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Judge appear to relate to her judicial actions, she is entitled to absolute immunity. To the extent his claims arise out of non-judicial actions, he has failed to allege sufficient facts to state a claim.

        2.    Prosecutorial Immunity (Solicitor)

Plaintiff appears to sue Solicitor for actions associated with the proceedings that resulted in his detention in jails and mental hospitals. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims relate to actions taken by Solicitor in connection with the judicial proceedings, they are barred by prosecutorial immunity and are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 16, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will

4

recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

May 26, 2022                                             Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge